FILED
CLERK

11:42 am, Feb 27, 2018

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
AYOKUNLE JEMIRI, MS, MBA, PMP,

                     Plaintiff,

           -against-

PUBLIC SERVICE ENTERPRISE GROUP
CORPORATION ("PSEG"), PUBLIC
SERVICE ENTERPRISE GROUP
INCORPORATED LONG ISLAND ("PSEG-
LI"), IPS NEW JERSEY ("IPS"),
CHRISTOPHER BEGLEY, in his
corporate capacity as Project Controls –
Scheduler for IPS and in his individual capacity,
and ROBIN C. PERSAD, PE, PP, PMP in his
corporate capacity as Director of Projects &
Construction for PSEG-LI and in his individual
capacity,

                     Defendants.
----------------------------------------------------------X

**MEMORANDUM OF
DECISION & ORDER**
2:17-cv-4518 (ADS)(AKT)

**APPEARANCES:**

**Jimmy M Santos, PLLC**
*Attorney for the Plaintiff*
28 Wilson Place
Cornwall, NY 12518
       By:    Jimmy M. Santos, Esq., Of Counsel

**Morgan Lewis & Brockius, LLP**
*Attorneys for PSEG & Persad*
502 Carnegie Center
Princeton, NJ 08540
       By:    Sean P. Lynch, Esq.
               Jake F. Goodman, Esq., Of Counsel

**NO APPEARANCES:**

**IPS**

**Christopher Begley**

**SPATT, District Judge**:

The Plaintiff, Ayokunle Jemiri, ("Jemiri" or the "Plaintiff") commenced this action against the Defendants, Public Service Enterprise Group Corporation and Public Service Enterprise Group Incorporated Long Island (together, "PSEG"), IPS New Jersey ("IPS"), Christopher Begley, in his corporate capacity as Project Control – Scheduler for IPS and in his individual capacity ("Begley"), and Robin C. Persad in his corporate capacity of Director of Projects & Construction for PSEG and in his individual capacity ("Persad") (collectively, the "Defendants") alleging employment discrimination on the basis of race, national origin, color, and retaliation.

Presently before the Court is a motion to compel arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, and stay this action and award PSEG attorneys' fees and costs. The Plaintiff has not filed any opposition papers. For the following reasons, the motion to compel is granted in part and denied in part.

## I. BACKGROUND

### A. The Factual Background

On September 22, 2014, the Plaintiff was allegedly hired by PSEG in the capacity of Project Manager in Hicksville, New York. That same day, the Plaintiff signed an Arbitration Agreement (the "Agreement") in connection with his employment with PSEG. In relevant part, the Agreement states that it covers "any and all disputes arising out of or relating to [the Plaintiff's] employment with PSEG, the termination of [his] employment, or this Agreement." Further, the Agreement specifies:

> You agree to waive your right to a jury trial and a judicial forum in any action or proceeding related to your employment with PSEG, the termination of your employment, or this Agreement whether the claim is based upon statute, regulation,

2

contract, tort or other common law principles. Such claims include but are not limited to claims of workplace discrimination, harassment, or retaliation. This waiver applies to claims against PSEG, its past, present, or future, parents, affiliated or subsidiary companies, divisions, assigns, successors, insurers, and each of its/their past, present or future officers, directors, agents, consultants, employees, attorneys, boards of directors, and representatives.

Agreement at 1.

On April 25, 2016, PSEG allegedly terminated the Plaintiff's employment with the company.

## B. The Procedural Background

On August 1, 2017, the Plaintiff commenced this action against the Defendants by filing the operative complaint.

PSEG alleges that its counsel engaged in a succession of correspondence regarding the Agreement, and the Plaintiff's counsel allegedly refused to agree to submit his claims to arbitration. Specifically, PSEG alleges:

- On September 7, 2017, counsel for the PSEG Defendants advised Plaintiff's counsel that Plaintiff was bound by the Arbitration Agreement. In response, Plaintiff's counsel requested time to research the issue and consider whether there was any basis for Plaintiff to continue with his litigation rather than submit his claims to arbitration. *See* Lynch Decl. ¶ 4.

- On October 23, 2017, Plaintiff's counsel advised that Plaintiff would not agree to submit his claims to arbitration, suggesting that he could avoid arbitration solely because Plaintiff chose to include in his Complaint claims against non-signatories to the Arbitration Agreement – IPS and Christopher Begley. *Id.* ¶ 5.

- On October 30, 2017, Plaintiff's counsel provided cases that he contended support Plaintiff's refusal to arbitrate his claims. *See* Lynch Decl., Ex. B.

- On November 8, 2017, the PSEG Defendants wrote Plaintiff's counsel again, advising that Plaintiff did not have a good faith basis for his refusal to arbitrate, that the cases he provided did not support his refusal to arbitrate, and that if he persisted in his refusal, the PSEG Defendants would move to compel arbitration and seek fees and costs associated with that motion. The PSEG Defendants asked Plaintiff to respond by November 16, 2017. *See* Lynch Decl., Ex. C.

3

- On November 16, 2017, Plaintiff requested a one-day extension of the response deadline to allow him further time to consider the issue. *See* Lynch Decl., Ex. D.

- On November 17, 2017, Plaintiff requested another one-day extension to respond.
  *See Id.*

- To date, Plaintiff has not provided a substantive response or articulated any good faith basis for refusing to arbitrate his claims. Follow-up communications from counsel for the PSEG Defendants to Plaintiff's counsel have gone unanswered. *See Id.*

Dkt. 9-6 at 3.

The present motion was filed on November 29, 2017 by PSEG and Persad. To date, the Plaintiff has not responded. As such, the Court treats the instant motion as unopposed. The Court notes that neither IPS nor Begley have filed an appearance in this action.

## II. DISCUSSION

"The FAA was enacted in 1925 in response to widespread judicial hostility to arbitration agreements." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339, 131 S. Ct. 1740, 1745, 179 L. Ed. 2d 742 (2011) (internal citation omitted). It exemplifies this country's "strong federal policy favoring arbitration as an alternative means of dispute resolution." *Ragone v. Atl. Video of Manhattan Ctr.*, 595 F.3d 115, 121 (2d Cir. 2010) (internal citations omitted); *accord Concepcion*, 563 U.S. at 346; *Holick v. Cellular Sales of New York, LLC*, 802 F.3d 391, 395 (2d Cir. 2015). As a result, "any doubts concerning the scope of the arbitral issues should be resolved in favor of arbitration." *Moses H. Cone Memorial Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 24-25, 103 S. Ct. 927, 941, 74 L. Ed. 2d 765 (1983). The FAA states that "[a] written provision in … a contract … to settle by arbitration a controversy thereafter arising out of such contract … shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2.

It "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218, 105 S. Ct. 1238, 1241, 84 L. Ed. 2d 158 (1985) (emphasis in original). To make the determination of whether arbitration should be compelled, by court order, the Court must decide: "(1) whether a valid agreement or obligation to arbitrate exists; and (2) whether one party to the agreement has failed, neglected or refused to arbitrate." *Jacobs v. USA Track & Field*, 374 F.3d 85, 88 (2d Cir. 2004) (internal question marks omitted).

In making such a decision, the Court will apply "a standard similar to that applicable for a motion for summary judgment," *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003) (internal citations omitted), considering all relevant admissible evidence and drawing all reasonable inferences in favor of the non-moving party. *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 227 (2d Cir. 2016) (internal citations omitted).

Here, it is manifestly clear that the Plaintiff and PSEG agreed to arbitrate. No factual dispute exists as to whether the Agreement contains an arbitration clause, which unambiguously covers "any and all disputes arising out of or relating to [the Plaintiff's] employment with PSEG, the termination of [his] employment, or this Agreement." Second, the Plaintiff has refused to comply with PSEG's demand throughout the fall of 2017 to submit to arbitration. Consequently, PSEG is entitled to an order from this Court compelling the Plaintiff to arbitrate the instant action against PSEG and Persad.

The Court next turns to whether or not principles of estoppel allow the Court to send the entire case to arbitration. "[S]ignatories to an arbitration agreement can be compelled to arbitrate their claims with a non-signatory where a careful review of the relationship among the parties, the

5

contracts they signed …, and the issues that had arisen among them disclosed that the issues the nonsignatory is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed." *Denney v. BDO Seidman, LLP*, 412 F.3d 58, 70 (2d Cir. 2005) (internal citations and quotation marks omitted).

The Court finds that the dispute between the Plaintiff and IPS and Begley "is factually intertwined with the dispute between" the Plaintiff and PSEG and Persad. *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 128 (2d Cir. 2010). This is further bolstered by the business relationship that existed at the relevant time between PSEG and IPS. The Plaintiff worked extensively with IPS in his capacity as an employee of PSEG. To determine whether or not the Plaintiff was discriminated against, as alleged in the complaint, it would be imprudent to artificially bifurcate this dispute. As such, the entire case shall be sent to arbitration.

Finally, PSEG moves for attorneys' fees and costs. "[A] court may assess attorneys' fees … when the losing party 'has acted in bad faith, vexatiously, wantonly, or for oppressive reasons[.]" *Amaprop Ltd. v. Indiabulls Fin. Servs. Lts.*, No. 10-cv-1853, 2011 WL 1002439, at *3 (S.D.N.Y. Mar. 16, 2011) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59, 95 S. Ct. 1612, 44 L. Ed. 2d 141 (1975)). While the Court grants PSEG's request to compel arbitration, "there is no evidence that [the Plaintiff] has proceeded in bad faith sufficient to warrant such a severe sanction." *Philippe v. Red Lobster Rest. LLC,* No. 15-CV-2080, 2015 WL 4617247, at *5 (S.D.N.Y. Aug. 3, 2015) (collecting cases). As such, PSEG's motion for attorneys' fees and costs is denied.

## III. CONCLUSION

For the foregoing reasons, PSEG's motion to compel arbitration is granted as against all the Defendants. Further, the case is stayed as against all the Defendants pending the resolution of arbitration. PSEG's request for attorneys' fees and costs is denied.

The parties are directed to file a joint letter with the Court within thirty (30) days of a resolution in arbitration.

It is **SO ORDERED**:

Dated: Central Islip, New York

February 27, 2018

*/s/ Arthur D. Spatt*

ARTHUR D. SPATT

United States District Judge